JOHN MAHLER, RESPONDENT, v. LOUIS SCHMIDT, APPELLANT, IMPLEADED, ETC.

*Pleadings — causes of action which have one common point of litigation, in which all the defendants are interested, may be joined — Code of Civil Procedure, sec. 484.*

The complaint in this action alleged that the plaintiff had obtained a judgment against the defendant, Ferdinand Schmidt, upon which an execution had been issued and returned unsatisfied, and that a conveyance of the real estate of such defendant had been made through a third person to the defendant, Anna Maria Schmidt, the wife of Ferdinand Schmidt, without consideration, for the purpose of hindering, delaying and defrauding the plaintiff as a creditor of Ferdinand Schmidt ; that said real estate was encumbered by a mortgage given to the defendant, Stearns, by the said Ferdinand and his wife, and that the money borrowed was passed to the defendants Rechin, to be invested in real estate, the title to which was taken in their name, and that this was done with the intent of preventing the collection of the plaintiff's judgment ; that a loan had also been made, secured by a mortgage upon the premises, given by Anna Maria Schmidt to one Young, and that the money derived therefrom was passed over into the hands of the defendant, Louis Schmidt, their son, to be held by him with the like intent and purpose.

*Held,* that a demurrer interposed by the defendant, Louis Schmidt, upon the ground that there was an improper joinder of causes of action, was properly overruled ; as all the parties were interested in one common point of litigation, viz., the fraudulent transfer of the property of the judgment debtor into their hands for the purpose of defrauding his creditors.

APPEAL from an interlocutory judgment entered in Erie county, overruling a demurrer to the plaintiff's complaint.

*William L. Jones,* for the appellant.

*Nathaniel W. Norton,* for the respondent.

HAIGHT, J. :

The complaint in this action alleges that the plaintiff had obtained a judgment against the defendant, Ferdinand Schmidt ; that an execution had been issued thereon and returned unsatisfied, and that a conveyance of the real estate of such defendant had been made through a third person to the defendant, Anna Maria Schmidt, the wife of Ferdinand Schmidt, without consideration, for the purpose of hindering, delaying and defrauding the plaintiff as a creditor of Ferdinand Schmidt. It also alleges that the defendant, Marcellus L. Stearns, has, or claims to have, a lien upon such real estate by way of mortgage, which was in fact made for the benefit of John and Elizabeth Rechin ; that the mortgage was executed by Ferdinand Schmidt and Anna Maria, his wife, to Marcellus L. Stearns ; that it was not made for their benefit, but in fraud of the plaintiff's rights for the benefit of the defendants, John and Elizabeth Rechin, who obtained the money for which the mortgage was given as a security, and used the same in paying for other real estate, the title of which was in their names ; that John and Elizabeth Rechin are now indebted to Ferdinand Schmidt for the amount so obtained upon the mortgage, which should be applied in payment of the plaintiff's judgment. The complaint also alleges that said real estate is also incumbered by a mortgage executed by the defendant, Anna Maria Schmidt, to Jasper S. Young, which mortgage was not given to secure any debt of either of the defendants, Anna Maria Schmidt or Ferdinand Schmidt, but was given to secure the debt of Louis Schmidt, and for the purpose of delaying, cheating and defrauding the plaintiff ; that Louis Schmidt is indebted to the

defendant Ferdinand Schmidt, which debt was made for the purpose of cheating and defrauding the plaintiff. The plaintiff prays judgment that the conveyance by Ferdinand Schmidt, through a third person, to Anna Maria Schmidt, be declared to be fraudulent and void, and that the amount that the Rechius obtained through the Stearns mortgage be made a lien upon their land purchased with this money, and that it be ascertained and determined what, if anything, is due from the other defendants in the action to Ferdinand Schmidt, and that the same may be directed to be applied in payment of plaintiff's judgment. The defendant Louis Schmidt demurs to the complaint upon the ground that causes of action have been improperly united.

Section 484 of the Code provides that the plaintiff may unite in the same complaint two or more causes of action, whether they are such as were formerly denominated legal or equitable, or both, where they are brought upon claims arising out of the same transaction or transactions, and connected with the same subject of action; but it must appear upon the face of the complaint that all the causes of action so united are consistent with each other, and that they affect all of the parties to the action. This provision of the Code is but declaratory of the rule that previously existed, and the test is whether or not the parties joined in the suit have one connected interest centering in the point in issue in the cause, or one common point of litigation. If so, unconnected parties may be joined, even where different relief is sought against them; but if the action is against different persons concerning things of distinct natures, in which some of the parties have no interest, then the action cannot be joined. (*Fellows* v. *Fellows*, 4 Cow., 682.)

A judgment creditor may, consequently, bring an action to have a conveyance of the judgment debtor set aside as fraudulent. He may also unite in the same action any persons having liens upon the premises affected by the fraudulent conveyance, and, if the judgment debtor has incumbered the premises by false and fraudulent liens, such liens may be annulled; and if the debtor has placed in the hands of others property to be covered up and hid for the purpose of keeping it from being applied in payment of his debts, such persons may be made parties and the property followed. All such parties are interested in the centering points in issue in the

case; they are all concerned in the common point of the litigation, which is the fraudulent transfer of the property of the judgment debtor into their hands for the purpose of defrauding his creditors. (*Ogden* v. *Wood*, 51 How., 375.)

The chief question to be considered is, as to the construction to be placed upon the complaint. It is claimed on the part of the appellant that it alleged causes of action for debt as against the Rechins and the appellant, and that if it fails to allege such causes of action, the respondent cannot take advantage of his failure to allege what he had attempted to. But a careful examination of the complaint discloses the fact that no such causes of action are alleged. The pleader evidently intended to charge that the judgment debtor had borrowed money upon his real estate and incumbered it by a mortgage to Stearns, and had passed the proceeds over to the Rechins to be invested in real estate, of which they have the title, and that this was all done to cover up the property with the intent of preventing the collection of the plaintiff's judgment; and that as to Louis Schmidt, a loan had been made, for which a mortgage was given to Young, and that the money so derived was passed over into the hands of Louis Schmidt, their son, to be held by him with like intent and purpose. This appears to be the causes of action that the pleader intended to state. Whether or not he has successfully stated such causes of action in sufficient detail as to permit him to recover, it is not necessary for us to now determine. If such are the causes of action attempted to be stated, they are actions which may properly be united. The appellant has not demurred upon the ground that no cause of action was stated as against him. His complaint is that the cause of action alleged against him is improperly united with causes of action alleged against other parties. He has no ground to complain if the cause of action attempted to be stated is one which may properly be united with the others.

We are, consequently, of the opinion that the judgment should be affirmed, with costs, but with leave to the appellant to withdraw demurrer and put in an answer within twenty days upon payment of the costs of the demurrer and of this appeal.

SMITH, P. J., BARKER and BRADLEY, JJ., concurred.

So ordered.